UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DARIN JEROME FRENCH and JENNIFER LYNN FRENCH, Defendants. | 3:08-cr-00006-LRH-RAM ORDER |

Before the court is defendants' Motion for Complex Case Designation and Schedule Pursuant to LCR 16-1(a) with Motion to Continue Trial Date Pursuant to Title 18 U.S.C. § 3161 (#110). The Government has opposed the defendants' motion (#111) and the court held a hearing on March 9, 2010. Both defendants appeared personally at the hearing and confirmed that they had fully discussed the pending motion with their respective counsel, that they were fully aware that they were entitled to trial on the currently scheduled date subject to the motion filed by their counsel and both expressed their agreement with the requested continuance.

Defendants' counsel represent that the continuance is necessary in order to allow adequate trial preparation, citing the need to review more than 20,484 pages of discovery and the performance of certain undefined investigation on behalf of the defense. Counsel for DARIN JEROME FRENCH is the fourth counsel appointed to represent Mr. French and his appointment occurred on December 2, 2009. Identifying the extensive document discovery in this case, the seventy-two (72) counts contained within the pending Indictment and the specter of over seventy (70) witnesses during a three-week trial, he represents that he simply cannot be adequately

prepared to defend his client at the presently scheduled April 6, 2010, trial date. Counsel for JENNIFER LYNN FRENCH concurs that the defense strategy needs to be a mutual one and concurs with the reasons cited for continuance on behalf of Defendant DARIN JEROME FRENCH.

Balancing the factors enumerated at 18 U.S.C. § 3161(h)(8)(B)(i)-(iv), this court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A). The court further finds that failure to grant the requested continuance would be likely to result in a miscarriage of justice. Although the case is not terribly "unusual" or "complex" within the meaning of § 3161(h)(8)(B(ii), it does involve an extensive factual record composed of voluminous documents and other materials, and additional preparation time is therefore warranted. *See U.S. v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994), *cert. Denied*, 514 U.S. 1052 (1995).

Accordingly, defendants' motion for a continuance is GRANTED. The trial date of April 6, 2010, is vacated and the trial date is continued to July 13, 2010, at 8:30 a.m. Calendar call is reset from March 25, 2010, to July 1, 2010, at 8:30 a.m.

Defense counsel are to present a proposed stipulated schedule for pretrial motions and relevant trial disclosures. All briefing on pretrial motions shall be concluded on or before June 7, 2010.

While granting the motion for continuance, the court denies Defendants' Motion for Complex Case Designation as the court does not find that it satisfies the criteria for such designation as defined in 18 U.S.C. § 3161(h)(8)(B)(ii). However, the court does approve interim payments to defense counsel who have been appointed to represent their respective clients pursuant to the Criminal Justice Act.

DATED this 11th day of March, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE