UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:08-CR-0006-LRH-RAM |
| ) | |
| v. ) | |
| ) | <u>ORDER</u> |
| DARIN JEROME FRENCH, and ) | |
| JENNIFER LYNN FRENCH ) | |
| ) | |
| Defendants. ) | |

Before the court is defendants Darin Jerome French and Jennifer Lynn French's (collectively "defendants") various pretrial motions including: (1) motion challenging defects in superseding indictment (Doc. #166[1]); (2) motion requesting discovery (Doc. #167); (3) motion to unseal grand jury transcripts (Doc. #168); (4) motion requesting return of tape recordings (Doc. #169); (5) motion challenging surplusage in superseding indictment (Doc. #170); and (6) second motion to extend pretrial deadline (Doc. #171).

**I.   Facts and Background**

On January 16, 2008, defendants were indicted on charges of mail and wire fraud. Doc. #1. Defendants, owners and operators of the business Look What We Got ("LWWG"), allegedly advertized the sale of high end kitchen appliances through the services of the internet site E-bay.

---

[1] Refers to the court's docket number.

As part of the advertisements, consumers were directed away from E-bay to an off-site website for LWWG and contacted by defendants via e-mail for pricing and purchasing information. The defendants allegedly accepted customer orders and payments by credit card, money order, or wire transfer, but would ultimately fail to deliver the purchased merchandise and keep the customer's payment by perpetually delaying a refund. On April 29, 2009, a superseding indictment was issued as to both defendants. Doc. #60. The superseding indictment charges defendants in Counts 1 through 32 with mail fraud in violation of 18 U.S.C. § 1341; Counts 33 through 58 with wire fraud in violation of 18 U.S.C. § 1343; Counts 59 through 61 with money laundering in violation of 18 U.S.C. § 1957; and County 62 with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I). Doc. #60.

On October 19, 2010, the court re-opened and extended the pretrial deadline to allow defendants, representing themselves pro se, to file pretrial motions. Doc. #160. Thereafter, the defendants filed the present motions. Doc. ##166, 167, 168, 169, 170, 171. The court shall address each motion below.

**II.     Motion Challenging Indictment (Doc. #166)**

On April 29, 2009, the Government filed a superseding indictment adding several counts for money laundering in violation of 18 U.S.C. §§ 1957 and 1956(a)(1)(B)(I). Doc. #60. Defendants now move the court to strike or dismiss the money laundering counts because they argue that there is no evidence that there was any "profit" generated by the LWWG business in violation of the money laundering statutes. *See* Doc. #166.

The court finds that defendants' arguments are matters of fact for the jury. Defendants are accused of engaging in monetary transactions using property derived from criminal activity. *See* Doc. #60. In their motion, defendants contend that these accusations are false, and that the money withdrawn from the LWWG account was their employee wages for running the business, not the proceeds of criminal activity. This is a factual dispute that should be resolved by the jury at trial at

which the Government will have to prove beyond a reasonable doubt that the withdrawal transactions were proceeds of defendants' scheme. Accordingly, the court shall deny defendants' motion.

### III.     Motion Requesting Discovery (Doc. #167)

Defendants seek an order from the court requiring the Government to turn over all discovery. Defendants argue that the Government has not produced certain discovery in the 20,000 documents already turned over. Specifically, defendants contend that they have not received a U.S. Postal Inspector report, a consumer fraud report filed with the Nevada Attorney General's office, and various customer complaints filed with local police departments. *See* Doc. #167.

In opposition to defendants' motion, the Government has certified to the court that all discovery has been turned over pursuant to the joint discovery plan and Rule 16 of the Federal Rules of Criminal Procedure, and that the requested documents either do not exist, or were never in the Government's possession. *See* Doc. #176. Accordingly, the court shall deny defendants' motion requesting discovery based upon the Government's certification that all discovery has been provided.

### IV.     Motion To Unseal Grand Jury Transcripts (Doc. #168)

Defendants seek an order from the court unsealing the grand jury transcripts. The court may unseal grand jury transcripts in a criminal action, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). However, "[a] trial judge should order disclosure of grand jury transcripts *only* when the party seeking them has demonstrated that a *particularized need outweighs the policy of secrecy*." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (emphasis added). Mere "unsubstantiated, speculative assertions of improprieties in the proceedings" do not support a finding of particular need. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980).

3

The court finds that defendants' motion fails to provide a particularized need. In their motion, defendants argue that the "unsealing of the Grand Jury transcripts will determine, who actually committed the perjury to the members of the Grand Jury, and if the Prosecution remained silent knowing perjured evidence/testimony had been submitted to the Grand Jury." Doc. #168. Defendants' statement establishes that they have no actual proof of perjury before the Grand Jury. Further, they offer nothing in support of their motion but speculative assertions and inadmissible unauthenticated single page documents attached as exhibits. *See Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002). A court should deny a motion to unseal when the motion presents itself as nothing more than an "across the board fishing expedition." *United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978). Accordingly, the court shall deny defendants' motion to unseal.

**V.    Motion Requesting Return of Tape Recordings (Doc. #169)**

During the underlying investigation of LWWG, the Government conducted an allegedly warrantless search of defendants' abandoned trailers in Sparks, Nevada. Defendants argue that all property seized from the trailers, including various tape recordings with LWWG customers, should be returned pursuant to Rule 41 of the Federal Rules of Criminal Procedure. *See* FED. R. CRIM. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.").

However, the evidence provided by defendants establish that only a single box of assorted documents were taken from the trailer. *See* Doc. #169, Exhibit 1 ("The only evidence taken was one box of assorted documents taken from the 48' trailer."); Doc. #169, Exhibit 2 ("1 Box of assorted documents taken from a trailer, 48' in length, bearing Main license plate 18TLR38309."). There is no evidence that there was any other property in the trailers, including the requested tape recordings, at the time of the search. Further, the government has already certified that the aforementioned documents were provided to defendants as part of the discovery in this action. *See* Doc. #178; Doc. #176. Accordingly, the court shall deny defendants' motion to return property.

**VI.  Motion Challenging Surplusage in Superseding Indictment (Doc. #170)**

Defendants challenge the superseding indictment arguing that various statements in the indictment should be stricken by the court as surplusage. *See* Doc. #170. The superseding indictment states:

> "It was part of the scheme and artifice that the Defendants would: (1) Artificially establish a positive feedback record at e-Bay by initially selling low cost merchandise. (2) Shill feedback - artificially establishing a positive feedback record at e-Bay by establishing multiple user Ids for themselves at e-Bay and then leaving positive feedback in the guise of other legitimate buyers and sellers. (3) That when victims found items on e-Bay and attempted to purchase items, they would be diverted to the LWWG.com website or were sent an e-mail asking them to call LWWG directly for price quotes. This was designed to give the victims the false impression they were purchasing products still protected by e-Bay policy when in fact they were "off-site" purchases. (4) The Defendants represented they were authorized dealers and were able to sell specific brands at discounted prices."

Doc. #60. Defendants argue that there is no evidence to support or prove these accusations, and therefore, these statements should be stricken from the indictment and the correlating charges for mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1346 should be dismissed.

Rule 7 of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." FED. R. CRIM. P. 7(d). "The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988).

Here, the court finds that the listed allegations at issue are relevant to establishing defendants' scheme and artifice to defraud in support of the mail and wire fraud charges. The

Government may offer evidence to prove these allegations at trial. Defendants argument that the Government is without evidence to support these allegations is a matter of fact for the jury and does not support striking material from an indictment which is relevant to the charges identified therein. Accordingly, the court shall deny defendants' motion challenging surplusage in the superseding indictment.

**VII.    Second Motion to Extend Pretrial Deadline (Doc. #171)**

Defendants request a further extension of the pretrial deadline to file additional "clerical" motions. In light of the court's previous extension of the pretrial deadline, defendants' failure to identify why the additional "clerical" motions could not have been filed along with the present pretrial motions, and the pending trial currently scheduled for February 8, 2010, the court shall deny defendants' second motion to extend the pretrial deadline.

IT IS THEREFORE ORDERED that defendants' motion challenging defects in superseding indictment (Doc. #166), motion requesting discovery (Doc. #167), motion to unseal grand jury transcripts (Doc. #168), motion for return of property (Doc. #169), motion challenging surplusage (Doc. #170), and second motion to extend pretrial deadline (Doc. #171) are DENIED.

IT IS SO ORDERED.

DATED this 16th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE