```
          FILED              RECEIVED
          ENTERED            SERVED ON
                    COUNSEL/PARTIES OF RECORD

                   APR 1 8 2011

              CLERK US DISTRICT COURT
                 DISTRICT OF NEVADA
          BY:                        DEPUTY
```

JR
4·14·11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DARIN JEROME FRENCH, and<br>JENNIFER LYNN FRENCH<br><br>    Defendants. | 3:08-CR-0006-LRH-RAM<br><br>ORDER |

    Before the court is defendant Jennifer Lynn French's ("French") motion for reimbursement of pro se expenses under 18 U.S.C. § 3006A. Doc. #273.[1]

    Pursuant to Section 3006A of Title 18 of the United States Code, upon application by an indigent defendant, the court may approve payment for "investigative, expert, and other services" necessary to prepare an adequate defense. 18 U.S.C. § 3006A(e)(2)(A). Here, French requests reimbursement of expenses incurred from August 14, 2010, through February 22, 2011, including gasoline purchases, money orders, phone bills, and office supplies. *Id.*

    The court has reviewed French's motion and finds French is entitled to reimbursement for $100.80 to access the court's docket and filing system, and $84.00 to conduct web conferences with her incarcerated co-defendant. French has made a sufficient showing that these expenses were

---

[1] Refers to the court's docket number.

1  necessary for her defense. However, the court finds that French is not entitled to reimbursement of
2  the remaining listed expenses[2] because she has made no showing that they were necessary for her
3  defense.
4      Additionally, the court finds that French is not entitled to reimbursement of expenses
5  incurred prior to September 8, 2010, as a matter of law. An indigent pro se criminal defendant may
6  request reimbursement for necessary defense expenses only after approval of pro se status. *See* 18
7  U.S.C. § 3006A. French did not obtain approval from the court to represent herself until
8  September 8, 2010. Therefore, all expenses French incurred prior to September 8, 2010, are not
9  recoverable.

11      IT IS THEREFORE ORDERED that defendant's motion for reimbursement of pro se
12  expenses (Doc. #273) is GRANTED in-part and DENIED in-part in accordance with this order.
13      IT IS FURTHER ORDERED that defendant Jennifer French is entitled to reimbursement of
14  necessary defense costs in the amount of $184.80, in accordance with Section 3600A of Title 18 of
15  the United States Code.
16      IT IS SO ORDERED.
17      DATED this 16 day of April, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Many of the remaining expenses are simply identified by Jennifer French's own unique filing name including: magicjack; westernunion qkcollect; vonage; walmart; etc. The court is unable to determine what these expenses related to and how they are relevant to Jennifer French's defense.

2