UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>DARIN JEROME FRENCH, and<br>JENNIFER LYNN FRENCH<br><br>        Defendants. | 3:08-CR-0006-LRH-RAM<br><br>ORDER |

Before the court are defendant Jennifer Lynn French's ("French") motion for a new trial (Doc. #275[1]) and motion for acquittal (Doc. #276). The government filed an opposition to both motions (Doc. #279) and French replied (Doc. #280).

**I.    Facts and Background**

French, along with her husband and co-defendant Darin Jerome French, was charged in a superseding indictment with thirty-two (32) counts of mail fraud in violation of 18 U.S.C. § 1341; twenty-five (25) counts of wire fraud in violation of 18 U.S.C. § 1343; three (3) counts of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1) for her participation in an alleged scheme to defraud customers of her on-line appliance business Look What We Got! ("LWWG"). Doc. #60.

---

[1] Refers to the court's docket number.

After a nine-day jury trial, French was convicted of fourteen (14) counts of mail fraud in violation of 18 U.S.C. § 1341; six (6) counts of wire fraud in violation of 18 U.S.C. § 1343; one (1) count of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1). Doc. #269.

Thereafter, French filed the present motions for a new trial and for acquittal. Doc. ##275, 276. The court shall address each motion below.

**II.  Motion for a New Trial**

Under Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a new trial to a criminal defendant "if the interest of justice so requires." FED. R. CRIM. P. 33(a). The Ninth Circuit has recognized that a new trial is warranted if the jury's verdict is not supported by the weight of the evidence. *See United States v. Fendi North America*, 479 F.3d 1006 (9th Cir. 2007); *see also, Landes Contsr. Co., Inc. v. Royal Bank of Canada*, 883 F.2d 1365, 1371-72 (9th Cir. 1987) (holding that a court may grant a new trial "[i]f, giving full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). A district court's power to grant a motion for a new trial is broader than its power to grant a motion for acquittal. *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992). In reviewing a motion for a new trial the district court need not view the evidence in the light most favorable to the verdict and may weigh the evidence and evaluate the credibility of the witnesses for itself. *Id*.

In her motion, French argues that a new trial is warranted for two reasons. First, the jury applied a more lenient "ill" intent element rather than the requisite intent to deceive or cheat. Second, the evidence at trial was insufficient to support the jury's verdict.

As to the "ill" intent argument, the court finds that this argument is without merit. There is no evidence to support French's conclusory allegation that the jury applied a different standard than the intent standard provided in the jury instructions. This court gave the Ninth Circuit Model

2

Pattern Jury Instructions in this action and instructed the jury, in accordance with those instructions, that an intent to defraud is an intent "to deceive or cheat." The court did not give the jury any "ill" intent instruction and there is no evidence that the jury impermissibly applied a different instruction than the one provided. Therefore, the court shall deny French's motion as to this issue.

As to French's argument about the sufficiency of the evidence, the court finds that there was substantial evidence proffered at trial to support the jury's verdict that she participated in a scheme to defraud customers of LWWG. At trial, the government introduced testimony from over twenty witnesses that discussed their conversations and e-mail communications with French and which establish that French communicated that they would be receiving their purchased products or full refunds, neither of which were ever received. Further, the government provided documentary evidence that correlated the witness testimony including e-mail communications, information from the LWWG e-bay account, LWWG banking records and purchase orders, all of which support an inference that French took orders through LWWG and used the money remitted by the customers for purposes other than what it had been entrusted for.

In her motion, French argues that exculpatory evidence was presented at trial which supported her defense that she did not begin the LWWG business with an intent to defraud. However, the existence of some exculpatory evidence does not diminish the overwhelming evidence that at some point during the course of LWWG's business, French began to defraud her customers. Further, in reviewing the witness testimony and documentary evidence, French only highlights those witnesses or documents which support her defense. She discredits witness after witness as "unbelievable" and paints a biased version of the facts that completely removes her from any fraudulent dealings in stark contrast to the evidence presented at trial. Her review of the record is thus unhelpful and incomplete. Therefore, based on the record before the court, and the court's own review of the evidence presented at trial, the court finds that there was sufficient evidence presented at trial to support the jury's verdict. Accordingly, the court shall deny French's motion

for a new trial.

### III.     Motion for Acquittal

Under Rule 29 of the Federal Rules of Criminal Procedure, a district court may set aside a jury verdict and enter an acquittal. FED. R. CRIM. P. 29(c)(2). When assessing the merits of a motion for acquittal, a district court must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt. *See United States v. Merriweather*, 777 F.2d 503 (9th Cir. 1985). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilty, but whether the jury could reasonably arrive at its verdict." *United States v. Mares*, 940 F.2d 455, 458 (9th Cir. 1991).

In her motion for acquittal, French makes the same arguments that she made in her separate motion for a new trial. *Compare* Doc. #275, Doc. #276. Because the court finds that French is not entitled to a new trial under that more lenient standard,[2] the court finds that French is likewise not entitled to acquittal under the more strict motion for acquittal standard which requires the court to view the evidence in the light most favorable to the government in determining whether the evidence at trial was sufficient to support the jury's verdict. Accordingly, the court shall deny French's motion for acquittal.

IT IS THEREFORE ORDERED that defendant's motion for a new trial (Doc. #275) and motion for acquittal (Doc. #276) are DENIED.

IT IS SO ORDERED.

DATED this 19th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] In assessing a motion for a new trial, a court need not view the evidence in the light most favorable to the government. *Alston*, 974 F.2d at 1210.