UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>  Plaintiff,  <br> v.  <br> DARIN JEROME FRENCH, and  <br> JENNIFER LYNN FRENCH  <br>  Defendants. | 3:08-CR-0006-LRH-RAM  <br><br> ORDER |

Before the court is defendant Darin Jerome French's ("French") motion for a new trial filed May 16, 2011. Doc. #298.[1] The government filed an opposition (Doc. #300) and French replied (Doc. #313).

**I.   Facts and Background**

French, along with his wife and co-defendant Jennifer Lynn French, was charged in a superseding indictment with thirty-two (32) counts of mail fraud in violation of 18 U.S.C. § 1341; twenty-five (25) counts of wire fraud in violation of 18 U.S.C. § 1343; three (3) counts of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1) for his participation in an alleged scheme to defraud customers of his on-line appliance business Look What We Got! ("LWWG"). Doc. #60.

---

[1] Refers to the court's docket number.

On February 18, 2011, after a nine-day jury trial, French was convicted of twenty-two (22) counts of mail fraud in violation of 18 U.S.C. § 1341; eleven (11) counts of wire fraud in violation of 18 U.S.C. § 1343; two (2) counts of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1). Doc. #269. Thereafter, French filed the present motion for a new trial on May 18, 2011. Doc. #298.

**II.     Motion for a New Trial**

Under Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a new trial to a criminal defendant "if the interest of justice so requires." FED. R. CRIM. P. 33(a). However, a motion for new trial not based on newly discovered evidence must be filed within 14 days after the verdict. FED. R. CRIM. P. 33(b)(2).

Here, French was found guilty on February 18, 2011. Doc. #269. French did not file the present motion for a new trial until May 16, 2011, more than fourteen (14) days after the jury verdict. *See* Doc. #298. Although French styles his motion as a motion for new trial based on newly discovered evidence, French offers no newly-discovered evidence in his motion. Rather, his motion is based on his after-the-fact interpretation of the evidence presented at trial and his claim that certain government witnesses perjured themselves; all of which was known to him at the time of trial. *See* Doc. #298. Therefore, because the court finds that French has not presented any newly discovered evidence, the court finds that his motion for a new trial is untimely and shall deny it accordingly.

On May 31, 2011, the court sentenced French to one hundred fifty (150) months incarceration conditional on this court's ruling on his motion for a new trial. In light of the court's denial of French's motion for a new trial, the imposition of the sentence imposed shall be effective upon the filing of this order.

///

///

IT IS THEREFORE ORDERED that defendant's motion for a new trial (Doc. #298) is DENIED.

IT IS FURTHER ORDERED that the effective date of defendant Darin Jerome French's sentence shall be, and hereby is, effective upon the filing of this order.

IT IS SO ORDERED.

DATED this 3rd day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE